UNITED STATES of America, Plaintiff—Appellee,

v.

Anthony FLOWERS, Defendant—Appellant.

No. 05–10336.

United States Court of Appeals, Ninth Circuit.

Submitted June 13, 2006.*

Decided June 19, 2006.

Charles B. Burch, Jeffrey W. Cole, Hannah Horsley, Esq., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Arthur Wachtel, Esq., San Francisco, CA, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, GRABER, Circuit Judge, and HOLLAND,** District Judge.

MEMORANDUM ***

Defendant Anthony Flowers appeals his re-sentencing. He claims that the 312–month sentence that the district court im-

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

posed was unreasonable because it (1) considered the sentences of his co-defendants who were sentenced before *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); (2) increased his sentence based on facts not found by a jury; (3) applied a preponderance of the evidence standard to calculate the applicable drug quantity; and (4) relied on police reports to determine his criminal history category. On de novo review, *United States v. Cantrell,* 433 F.3d 1269, 1279 (9th Cir.2006), we affirm.

1. The district court understood the correct legal standard to apply—that the Guidelines must be considered but are only advisory—and engaged in an individualized analysis of Defendant's situation. *United States v. Kimbrew,* 406 F.3d 1149, 1152 (9th Cir.2005). In addition to considering the sentences of Defendant's co-defendants, the court took into account Defendant's lack of guidance growing up, his family obligations, his remorse, his acceptance of responsibility, and his failure in the past to reform after having served a previous jail term. Under 18 U.S.C. § 3553(a)(6), a district court must engage in the type of individualized review that the district court conducted here, including considering sentences imposed on co-defendants. The district court recognized that the co-defendants were sentenced before *Booker,* and that it might have to reconsider the sentences that it had previously imposed. Accordingly, there is no indication that the district court mechanically tethered Defendant's sentence to those of his co-defendants.

2. The district court employed the Guidelines as an advisory tool in determining Defendant's sentence. Accordingly, it did not err by concluding that Defendant's crimes involved a minimum of 58 kilograms of cocaine for sentencing purposes when the jury did not make a finding of drug quantity beyond a reasonable doubt. *See United States v. Ameline,* 409 F.3d 1073, 1077–78 (9th Cir.2005) (en banc) (holding that a district court may consider facts and circumstances other than those found by a jury, as long as it is not employing the Guidelines under a mandatory regime).

3. Defendant argues that the district court erred by declining to apply a reasonable doubt standard to its factual findings—specifically the drug quantity attributed to Defendant. This argument is foreclosed by *United States v. Kilby,* 443 F.3d 1135, 1140 (9th Cir.2006).

4. Defendant contends, finally, that the district court's reliance on police records at sentencing conflicts with *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). *Shepard* does not apply here, however, because it held only that a court may not rely on police reports in determining the elements of a defendant's past crimes under the Armed Career Criminal Act of 1984. *Id.* at 26. But a court has broad discretion to consider a defendant's past criminal history in determining an appropriate sentence. *United States v. Littlesun,* 444 F.3d 1196, 1199 (9th Cir.2006).

AFFIRMED.